Revised 7/2013

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                                           Case No.  **16-22350 (RDD)**
                                                                                                Chapter 13
**Andrew Brave, III**

                                                Debtor.
SSN **xxx-xx-0361**
-------------------------------------------------------------------x

**ORDER CONFIRMING CHAPTER 13 PLAN**

<u>Definitions</u>: If this is a joint case, use of the term "Debtor" shall also mean Debtors.  The term "Trustee" shall always refer to Jeffrey L. Sapir, the Chapter 13 Standing Trustee for this court, or his substitute.  The term "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure.  The term "Local Rule" shall refer to the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern District of New York.  The term "Petition" refers to Debtor's bankruptcy petition filed with the court on <u>**March 18, 2016**</u>.  **Other definitions used in the Debtor's Plan apply to this Order.**

The Debtor's plan was filed on **March 18, 2016**, and (if applicable) was modified on  <u>**September 12, 2017**</u>  (the "Plan").  The Plan or a summary of the Plan was transmitted to creditors pursuant to Bankruptcy Rule 3015 and Local Rule 3015-1(c) and 3015-2.  The Court finds that the Plan meets the requirements of 11 U.S.C. § 1325.

**IT IS ORDERED THAT:**

The Plan is hereby **CONFIRMED**, and the following provisions shall apply:

**PAYMENTS**

The Debtor shall make  **60**  monthly payments to the Trustee as follows:

   **$800.00** each month, from **April 18, 2016** through **September 18, 2017**.

   **$1,550.00** each month, from **October 18, 2017** through **March 18, 2021**.

   ☒ Lump-sum payment(s) in the following amount(s): **$4,500.00 lumpsum payment in month 54**; and/or

   ☐ All tax refunds in excess of $1500 (less any cash exemptions in the first year, if applicable).

Unless the Debtor consented in the Plan to entry of a pay order, the Debtor will pay the amounts listed above to the Trustee by bank check, certified check, teller's check, or money order sent to the following address:

   Jeffrey L. Sapir, Esq., Chapter 13 Trustee
   399 Knollwood Road, Suite 102
   White Plains, New York  10603

**DISBURSEMENTS**

Disbursements by the Trustee shall be *pro rata* as outlined below, and as set forth more fully in the Plan.

**Category 1 (Attorney's Fees).** The following fees - in excess of the portion of the pre-petition flat fee actually received prior to filing - have been approved by the court as follows:

| | |
|---|---|
| Remainder of unpaid flat fee initially charged | $ **2,810.00** |
| Amount of fees approved by separate application | $ **4,394.32** |
| Total fees | $ **7,204.32** |

1

Revised 7/2013

**Category 2 (Claims Secured by a Mortgage on the Debtor's Real Property Used as a Principal Residence).** By this Order, an affirmative duty is imposed on the Secured Creditor and Debtor to do all of the following:

    **(a) Prepetition Arrearages.**

(i) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(ii) No interest will be paid on Prepetition Arrearages unless otherwise stated.

(iii) Payments made by the Trustee on Debtor's Prepetition Arrearages shall be applied **only** to those Prepetition Arrearages and not to any other amount owed by Debtor to the Secured Creditor.

(iv) Information Regarding the Arrearages.

    ☒ Not Applicable.

(v) If Debtor pays the amount(s) specified in section (iv) (above), while making all required Post-Petition Payments (see below), Debtor's mortgage will be reinstated according to its original terms, extinguishing any right of the Secured Creditor to recover any amount alleged to have arisen prior to the filing of Debtor's petition.

    **(b) Post-Petition Payments.**

Debtor shall pay the following Post-Petition Payments directly to the Secured Creditor listed below during the pendency of the Plan:

    ☒ Not Applicable.

A Secured Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E of the Plan, with regard to any Notice of Contract Change (as defined in Section E). The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change.

    **(c) Return and/or Reallocation of Distribution Payment Made to Secured Creditor.**

If a Secured Creditor withdraws its claim, the sum allocated towards the payment of the Secured Creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors. If the Secured Creditor has received monies from the Trustee (Distribution Payment) and returns those monies to the Trustee, the monies returned shall be distributed to the Debtor's remaining creditors. If Debtor has proposed a plan that repays his or her creditors in full, then these monies will be returned to the Debtor.

**Category 3 (Executory Contracts and Unexpired Leases).** Pursuant to 11 U.S.C. § 1322(b), Debtor assumes or rejects the following unexpired lease(s) or executory contract(s). For an executory contract or unexpired lease with an arrearage to cure, the arrearage will be cured as provided below, with regular monthly payments to be paid directly to the creditor or landlord ("Creditor") by the Debtor.

    **(a) Assumed.**

    ☒ Not Applicable.

    **(b) Rejected.**

    ☒ Not Applicable.

    **(c) Post-Petition Payments for Assumed Executory Contracts and Unexpired Leases.**

    ☒ Not Applicable.

Software Copyright (c) 1996-2017 Best Case,LLC - www.bestcase.com                                                                                                         Best Case Bankruptcy

Revised 7/2013

A Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E of the Plan, with regard to any Notice of Contract Change (as defined in Section E). The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change.

**Category 4 (Claims Secured by Personal Property, a Combination of Personal and Real Property, and Real Property Not Used as Debtor's Principal Residence).**

  **(a) List of Category 4 Claims.**

| Secured Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount To Be Paid on Claim | Interest Rate |
|---|---|---|---|---|
| **Camden County M.U.A.** | **$574.31** | **$0.00** | **$913.77** | **18%** |
|  |  |  | or as otherwise calculated by the Trustee |  |
| **John D. Wilson, Esq.** | **$506.83** | **$0.00** | **$513.25** | **0.5%** |
|  |  |  | or as otherwise calculated by the Trustee |  |
| **Shellpoint Mortgage Servicing, As Servicer for MTGLQ Investors, L.P.** | **$164,155.19** | **$40,000.00** per Court Order dated 6/20/17 (ECF No. 32) | 45,710.03 or as otherwise calculated by the Trustee | **5.25%** |
| **511 Rand St Camden, NJ 08105** |  |  |  |  |
| **Camden County** |  |  |  |  |

☐ Not Applicable.

  **(b) Adequate Protection.**

  The Secured Creditor received the following amounts as adequate protection post-petition and prior to confirmation: _____.

☒ Not Applicable.

  **(c) Post-Petition Payments.**

  Debtor shall pay the following Post-Petition Payments directly to the Secured Creditor listed below during the pendency of the Plan:

☒Not Applicable.

  A Secured Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E in the Plan, with regard to any Notice of Contract Change (as defined in Section E). The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change.

  **(d) Return and/or Reallocation of Distribution Payment Made to Secured Creditor.**

  If a Secured Creditor withdraws its claim, the sum allocated towards the payment of the Secured Creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors. If the Secured Creditor has received monies from the Trustee (Distribution Payment) and returns those monies to the Trustee, the monies returned shall be distributed to the Debtor's remaining creditors. If Debtor has proposed a plan that repays his or her creditors in full, then these monies will be returned to the Debtor.

Software Copyright (c) 1996-2017 Best Case,LLC - www.bestcase.com                                                                                              Best Case Bankruptcy

Revised 7/2013

**Category 5 (Priority, Unsecured Claims).** All allowed claims entitled to *pro rata* priority treatment under 11 U.S.C. § 507 shall be paid in full in the following order:

**(a) Unsecured Domestic Support Obligations.**

Debtor shall remain current on all such obligations that come due after filing the Debtor's Petition. Unpaid obligations incurred before the Petition date are to be cured as follows:

☒ Not Applicable.

**(b) Other Unsecured Priority Claims.**

| Creditor | Type of Priority Debt | Amount Owed |
|---|---|---|
| **Internal Revenue Service** | **Taxes and certain other debts** | **$16,888.24** |
| **Pascale Pradel** | **Domestic support obligations** | **0.00** |

☐ Not Applicable.

**Category 6 (Codebtor Claims).** The following Codebtor (as defined in the Plan) claims are to be paid *pro rata* until the allowed amounts of such claims are paid in full.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| **-NONE-** | | |

☒ Not Applicable.

**Category 7 (Nonpriority, Unsecured Claims).** Allowed unsecured, nonpriority claims shall be paid pro rata from the balance of payments made under the Plan.

☐ Not Applicable.

**WARNING TO CREDITORS**

Section E of the Plan requires Secured Creditors and Creditors (as defined in the Plan) receiving distributions above and/or listed in Category 2, 3 and 4 of the Plan to file (1) a **Notice of Contract Change** (defined in Section E of the Plan), (2) a claim for Outstanding Obligations (a **Notice of Outstanding Obligations**, defined in Section E of the Plan), and (3) any notice or statement required by Bankruptcy Rule 3002.1 if such rule is applicable, and (4) pursuant to Bankruptcy Rule 2016 and Local Rule 2016-1, an **application for reimbursement of costs and fees** incurred by their professionals post-petition and prior to the issuance of a Notice of Discharge in this case. *Failure to comply with Section E of the Plan may result in disallowance of such claims.*

**DEBTOR'S DUTIES**

**Tax Returns.** While the case is pending, the Debtor shall timely file tax returns and pay taxes or obtain appropriate extensions and send a copy of either the tax return or the extension to the Trustee pursuant to 11 U.S.C. § 521(f) within thirty (30) days of filing with the taxing authority.

**Operating Reports.** If Debtor is self-employed or operates a business either individually or in a corporate capacity, Debtor shall provide the Trustee with monthly operating reports throughout the entirety of the case.

**Insurance.** Debtor shall maintain insurance as required by law, contract, security agreement or Order of this court.

**Payment Records to Trustee.** Debtor shall keep and maintain records of payments made to Trustee.

**Payment Records to Secured Creditor(s).** Debtor shall keep and maintain records of post-petition payments made to Secured Creditor(s).

**Donation Receipts.** Where applicable, Debtor shall keep a record of all charitable donations made during the pendency of this case and maintain receipts received.

Revised 7/2013

**Domestic Support Obligation(s).** Debtor shall maintain a record of all domestic support obligation payments paid directly to the recipient pursuant to a separation agreement, divorce decree, applicable child support collection unit order or other court's order.  The Debtor must also complete and sign the "Certification Regarding Domestic Support Obligations" required by Local Rule 4004-2.  The Certification should be returned to the Trustee when submitting the last payment under this Plan.

**Change in Address.** Debtor must notify the court and the Trustee if the address or contact information changes during the pendency of the case.  Notification must be made in writing within fifteen (15) days of when the change takes place.

**Disposal of Property.** Debtor shall not sell, encumber, transfer or otherwise dispose of any real property or personal property with a value of more than $1,000 without first obtaining court approval.

**ADDITIONAL AND VARYING PROVISIONS**

The following, additional provisions are hereby incorporated as part of the Plan:

**Attention Ocwen Loan Servicing LLC: the Debtor surrenders the Real Property located at 270 Marlton Avenue aka 270 Marlton Pike, Camden NJ 08105 ("Property") to Ocwen Loan Servicing LLC and its successors or assigns, including but not limited to any guarantors or any other party who has an interest in the mortgage loan secured by this Property, in full and complete satisfaction of any money owed on the mortgage and note including arrears or deficiencies, if any, after foreclosure on the Property.**

**1. Confirmation of this plan does not bar a party In Interest from objecting to a claim for good cause shown.**

**2. Taxes: Debtor Is not aware of any other priority tax claims, but the debtor proposes to pay such allowable claim(s) in full.**

☐ Not Applicable.

Debtor will cure any funding shortfall before the Plan is deemed completed.

Property of the estate is hereby vested in the Debtor except where the Plan specifically provides otherwise.

**CONFIRMATION ORDER CONTROLS**

Additional provisions set forth in the Plan shall apply unless they are inconsistent with a specific provision of this Order.  If any provision of the Plan is inconsistent with this Order, the provisions of this Order shall control.

Dated: **November  16, 2017**
       **White Plains, New York**

                                                        /s/ Robert D. Drain
                                                        United States Bankruptcy Judge

Software Copyright (c) 1996-2017 Best Case,LLC - www.bestcase.com                                                                                          Best Case Bankruptcy